**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MARY JESSICA RUSSELL,

     Plaintiff,

v.                                                                                      No. 2:26-cv-2005-KRS

NEW MEXICO DOULA ASSOCIATION;
LAS CRUCES DOULA ASSOCIATION;
CENTER OF SOUTHWEST CULTURE;
MELISSA LOPEZ SULLIVAN; TUAZ TAMU
POVI; SHAHID MUSTAFA; and
NANCY TORRES,

     Defendants.

<u>**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*;**</u>
<u>**ORDER REGARDING SERVICE OF PROCESS; and NOTICE TO PRO SE PLAINTIFF**</u>
<u>**REGARDING CASE MANAGEMENT**</u>

     **THIS MATTER** comes before the Court on *pro se* Plaintiff's "Complaint for Disability Discrimination and Wrongful Termination in Violation of the Americans with Disabilities Act 42 U.S.C. § 12101, et seq., the Civil Rights Act of 1964, and New Mexico Human Rights Act N.M.S.A[.] 1978 §28-1-1, et. seq., Defamation and Promissory Estoppel," **Doc. 2**, filed June 23, 2026 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, **Doc. 3**, filed June 23, 2026 ("Application").

**Order Granting Application to Proceed *In Forma Pauperis***

     The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

          When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are,

> leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed. Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs ...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) her average monthly income amount during the past 12 months is $1,432.00; and (ii) her monthly expenses total $3,051.00. The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating she is unable to pay the costs of this proceeding and because her monthly expenses exceed her monthly income. Accordingly, the Court grants Doc. 3, Application to Proceed in District Court Without Prepaying Fees or Costs.

### Order Regarding Service of Process

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, which provides that "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Complaint asserts claims against three business entities and four individuals.

### A. Service on Business-Entity Defendants

Because Plaintiff has been authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Court orders the Clerk of the Court to notify the three business-entity

Defendants at the addresses provided by Plaintiff in the Complaint that an action has been commenced, and to request that those Defendants waive service pursuant to Fed. R. Civ. P. 4(d). The addresses provided in the Complaint are as follows:

> For Defendant New Mexico Doula Association:
>> 715 E. Idaho Ave.
>> Las Cruces, New Mexico
>
> For Defendant Las Cruces Doula Association:
>> 715 E. Idaho
>> Las Cruces, New Mexico
>
> For Defendant Center of Southwest Culture:
>> 505 Marquette Ave., NW #1610,
>> Albuquerque, New Mexico

*See* (Doc. 2 at page 4). If any business-entity Defendant fails to return the waiver within 45 days after mailing of the notice, waiver form, and copy of the Complaint, then Plaintiff must file a motion requesting that officers of the Court serve a copy of the summons and Complaint on those Defendants.

> **B.     Service on Individual Defendants**

The Complaint does not provide addresses for the Defendants Melissa Lopez Sullivan, Tauz Tamu Povi, Shahi Mustafa, and Nancy Torres (collectively "the Individual Defendants") Therefore, the Court cannot order the Clerk to mail notices, waiver forms, and copies of the Complaint to those defendants. The Court orders Plaintiff to file a notice that provides an address for each of the Individual Defendants where the Clerk may mail the notice, waiver form, and Complaint. If any Individual Defendant fails to return the waiver within 45 days after it is mailed to him or her mailing by the Clerk's Office, then Plaintiff must file a motion requesting that officers of the Court serve a copy of the summons and Complaint on those Defendants.

**Notice To Pro Se Plaintiff Regarding Case Management**

Plaintiff, as a pro se litigant, is hereby notified of the following:

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

*Guide for Pro Se Litigants* at 4 (United States District Court, District of New Mexico, October 2022). The Local Rules, the *Guide for Pro Se Litigants,* and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 11(c); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) ("Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or any order of court").

The Court also reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

4

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

Accordingly, **IT IS ORDERED** that:

1.       Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, **Doc. 3**, filed June 23, 2026, is **GRANTED.**

2.       The Clerk of the Court is directed to notify the business-entity Defendants that an action has been commenced and request that the business-entity Defendants waive service pursuant to Fed. R. Civ. P. 4(d). The notice shall include a copy of this Order, a waiver of service form, and a copy of Plaintiff's Complaint, Doc. 1, filed June 23, 2026. The Clerk shall mail the notice, waiver of service form, a copy of this Order and a copy of the Complaint to the business-entity Defendants at the following addresses:

New Mexico Doula Association
715 E. Idaho Ave.
Las Cruces, NM

Las Cruces Doula Association
715 E. Idaho
Las Cruces, NM

Center of Southwest Culture
505 Marquette Ave. NW #1610
Albuquerque, NM

If the docket shows that any business-entity Defendant did not return the waiver within 45 days after mailing of the notice, waiver form, and copy of the Complaint, then Plaintiff shall file a motion requesting that officers of the Court serve a copy of the summons and Complaint on those Defendants.

3.     Plaintiff shall, within 21 days of entry of this Order, file a notice that provides an address for the Clerk to mail notice of this action with waiver of service form and the Complaint to each Individual Defendant (Sullivan, Povi, Mustafa and Torres). Plaintiff's failure to timely provide a mailing address for each Individual Defendant may result in dismissal of her claims against those Defendants. Following the Clerk's mailing, if any Individual Defendant fails to return the waiver within 45 days after it was mailed to him or her, then Plaintiff must file a motion requesting that officers of the Court serve a copy of the summons and Complaint on those Defendants.

IT IS SO ORDERED this 29th day of June, 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE